[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 1, 1999 the petitioner entered guilty pleas under the Alford
doctrine, in two criminal dockets, CR97-453265 and CR99-477829 in the Judicial District of New Haven. In each docket he pleaded guilty to sexual assault first degree in violation of C.G.S. § 53a-70 (a)(1), and risk of injury to a minor in violation of C.G.S. § 53-21. On August 6, 1999, the petitioner was sentenced, based on an agreed recommendation on both dockets, to a total effective sentence of twenty years, execution suspended after nine years, and ten years of probation with specific conditions of probation.
The petitioner, acting pro se, has filed two petitions alleging ineffective assistance of trial counsel, Donald Dakers. Both petitions made essentially the same claims and have been consolidated for trial. His claims are that he is innocent, that Mr. Dakers coerced him into pleading guilty, and that he was on large doses of medication rendering him incapable of understanding what was going on and making his pleas involuntary.
The two criminal cases were similar in nature. Each involved the alleged sexual assault of a girl around ten years of age, who was the daughter of a former girlfriend of the petitioner. The petitioner was not the biological father of either of the victims, although he had fathered other children with each of the mothers.
The petitioner testified in support of his claims on July 11, 2002. The matter was then recessed until July 31, 2002 when the petitioner offered the testimony of his trial counsel, Mr. Dakers. The petitioner also introduced his prior arrest record and certain medical records from the New Haven Correctional Center in the months prior to his sentencing and from Garner Correctional Center after sentencing. The respondent offered no testimony, but did introduced transcripts of the plea canvass in June 1, 1999 and the sentencing on August 6, 1999, as well as the information from each criminal docket. Also in evidence was the report dated May 1, CT Page 11699 1998 of an evaluation team from Whiting Forensic Division of Connecticut Valley Hospital finding the petitioner competent to stand trial.
 In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. "First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted). Guadalupe v. Commissioner of Correction, 68 Conn. 913, 796 A.2d 557 (2002).
 "The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard or reasonableness. . . . In Strickland, the United States Supreme court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of CT Page 11700 reasonable professional judgment" (Citation omitted; internal quotation marks omitted.) Henry v. Commissioner of Correction, 60 Conn. App. 313, 317-18, 759 A.2d 118 (2000).
 When the ineffective assistance of counsel claim arises from the plea negotiation process, the prejudice requirement is satisfied if the petitioner proves that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Daniel v. Commissioner of Correction, 57 Conn. App. 651, 665, 751 A.2d 398, cert. denied, 254 Conn. 918, 759 A.2d 1024
(2000).
Michael Braham v. Commissioner of Correction, 72 Conn. App. 1, 5-7
(App. Ct. 2002).
The first claim of the petitioner is that he is innocent of the crimes to which he pleaded guilty. This claim is consistent with his position at the time of the pleas. He pleaded under the Alford doctrine. He did not admit committing the acts alleged by the state but pleaded guilty because he felt if he went to trial he would probably be found guilty and receive a more severe sentence than called for in the agreed recommendation. To continue to maintain his innocence is not a sufficient basis upon which to grant the petition for a writ of habeas corpus.
The petitioner also claims that he was coerced into pleading guilty by Mr. Dakers. The record in this case does not support the claim that coercion by Mr. Dakers was a factor in causing the petitioner to plead guilty.
The final claim of the petitioner is that at the time of his pleas and sentencing he was under such heavy doses of medication that he was incompetent to plead or be sentenced. Other than the petitioner's testimony that his medication had that effect on him, the court has no other evidence supporting this claim. Mr. Dakers testified that the petitioner appeared to him to be competent at the court proceedings. The transcript of the plea canvass includes specific questions by the court with reference to any medication the petitioner was taking and any effect that it would have on his ability to understand the proceedings. The petitioner told the court that he was taking Trilafon at night at the correctional center, which was accurate, and that it did not effect his ability to understand the proceedings. The petitioner did offer an CT Page 11701 exhibit which indicated that during that general time frame he was taking Trilafon in the evening, but the exhibit and his testimony are inadequate for the court to find that he has proven that he was incompetent at the time of the pleas and sentencing.
The court finds that the petitioner has failed to prove that Mr. Dakers' representation of him was deficient in any of the ways alleged or that he suffered any prejudice as the result of the representation.
The petition is dismissed.
 William L. Hadden, Jr. Judge Trial Referee
CT Page 11702